**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**UNITED STATES OF AMERICA**

**v.**                                          **CRIMINAL NO. 1:22-cr-127-LG-BWR-1**
                                               **CIVIL NO. 1:24-cv-16-LG**
**CARLOS EUGENE JOHNSON**

**AMENDED ORDER DENYING 28 U.S.C. § 2255**
**MOTION TO VACATE SENTENCE**

After entering a plea of guilty and subsequent sentence of imprisonment,

Carlos Eugene Johnson filed a Motion [46] to Vacate his sentence pursuant to 28

U.S.C. § 2255. In support of his Motion, Johnson presents several alleged violations

of the Constitution and laws of the United States. Some of these are barred by

Johnson's knowing and voluntary plea agreement waiver of his right to post-

conviction relief.  The remaining claims of ineffective assistance of counsel are

without merit. Accordingly, Johnson's § 2255 Motion to Vacate is denied.

**FACTUAL AND PROCEDURAL HISTORY**

On September 20, 2022, a federal grand jury returned a single-count

indictment against Carlos Eugene Johnson. [15]. The indictment charged one count

of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).

*Id.*  After reaching a plea agreement with the Government, Johnson pleaded guilty

to the single count on December 1, 2022. [31, 34]. As part of the plea agreement,

Johnson waived "the right to contest the conviction and sentence or the manner in

which the sentence was imposed in any post-conviction proceeding, including but

not limited to a motion brought under Title 28, United States Code, Section 2255[.]" [31], p. 5. Johnson "reserve[d] the right to raise ineffective assistance of counsel claims[.]" *Id.* Johnson was sentenced to a term of 96 months in the custody of the Bureau of Prisons. [43], p. 1. He now asks the Court to vacate that sentence based on several alleged violations of the Constitution and laws of the United States. Johnson's former attorney[1]—Ms. Ellen Allred— and the Government have filed responses in opposition to Johnson's Motion.[2]

## DISCUSSION AND ANALYSIS

28 U.S.C. § 2255 "provides that a prisoner in custody under sentence of a federal court may file a motion in the court which imposed the sentence to vacate, set aside or correct the sentence." *United States v. Cates*, 952 F.2d 149, 151 (5th Cir. 1992) (internal quotation marks omitted) (quoting *Hill v. United States*, 368 U.S. 424, 426-27, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962)). "The statute states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; and (4) that the sentence is otherwise subject to collateral attack." *Id.* (internal quotation marks omitted) (quoting *Hill*, 368 U.S. at

---

[1] For clarity, Ms. Allred is referred to throughout this Order as Johnson's attorney, even though she no longer serves as his attorney. Ms. Allred served as Johnson's attorney during the periods relevant to the ineffective assistance of counsel claims. [56], p. 2.

[2] Johnson also filed a Reply [60] to the Government's Response. The Court has reviewed and considered that Reply in making this ruling.

426-27). "Review under § 2255 ordinarily is limited to questions of constitutional or jurisdictional magnitude." *United States v. Scruggs*, 691 F.3d 660, 666 (5th Cir. 2012) (citing *United States v. Timmreck*, 441 U.S. 780, 783-84, 99 S. Ct. 2085, 60 L. Ed. 2d 634 (1979)).

In his Motion, Johnson asks the Court to vacate his sentence based on the following alleged violations of the Constitution and laws of the United States:

(1) his sentencing guideline range was calculated based on an improper ratio of methamphetamine to actual methamphetamine;

(2) the drug weight attributed to him at sentencing was incorrect because it included the weight of both the methamphetamine mixture and the actual methamphetamine;

(3) his arrests on January 6th and March 18th of 2021 were improperly used in calculating his sentencing guideline range;

(4) his attorney suggested that he waive his detention hearing;

(5) his attorney requested an initial continuance without his knowledge or consent;

(6) his attorney failed to request a *Franks* hearing;

(7) his attorney failed to argue for a minor role reduction;

(8) his attorney failed to object to or argue against the probation officer "effectively amending the indictment";

(9) his attorney failed to argue that the video was spliced;

(10) his attorney failed to provide him with copies of the discovery material;

(11) his attorney failed to request the return of property seized from his residence; and

(12) his attorney failed to object to him receiving one criminal history point for misdemeanor marijuana possession.

[46], pp. 4-6; [47], pp. 4-18.

### I.  Whether Johnson's waiver of his right to pursue post-conviction relief bars any of his claims.

A criminal defendant may waive the right to pursue post-conviction relief as part of a plea agreement. *United States v. White*, 307 F.3d 336, 341, 343-44 (5th Cir. 2002). To determine whether such a waiver is enforceable, the Court must "consider (1) whether the waiver was knowing and voluntary and (2) whether the waiver applies to the circumstances at hand, based on the plain language of the agreement." *United States v. Barnes*, 953 F.3d 383, 386 (5th Cir. 2020) (internal quotation marks omitted) (quoting *United States v. Kelly*, 915 F.3d 344, 348 (5th Cir. 2019)). "A waiver is knowing and voluntary if the defendant knows that he has the right to collateral review and that he is waiving it in the plea agreement." *Id.* (internal quotation marks omitted) (quoting *United States v. Burns*, 770 F. App'x 187, 190 (5th Cir. 2019)).

Pursuant to Johnson's plea agreement, he expressly waived "the right to contest the conviction and sentence or the manner in which the sentence was imposed in any post-conviction proceeding, including but not limited to a motion brought under Title 28, United States Code, Section 2255[.]" [31], p. 5. However, Johnson "reserve[d] the right to raise ineffective assistance of counsel claims." *Id.* By signing the agreement, Johnson also "declare[d] that the terms of this plea agreement have been": (1) read by or to him; (2) explained to him by his attorney; (3) understood by him; (4) voluntarily accepted by him; and (5) agreed to and accepted by him. *Id.* at p. 7.

4

At the change of plea hearing, the Court asked Johnson several questions to ensure that his guilty plea and his waiver of certain rights were knowingly and voluntarily made. When asked whether he had signed the plea agreement and whether he had the opportunity, prior to signing the agreement, to go over it with his attorney, Johnson stated that he had. [34]. Johnson also stated that he understood that, as part of the plea agreement, he was waiving or giving up "the right to contest the conviction and to contest the sentence or the manner in which the sentence is imposed in any post-conviction proceeding." *Id.*

The Court also specifically emphasize the importance of the right to seek post-conviction relief, telling Johnson that he should not waive that right unless he had "given it careful consideration and discussed it" with his attorney. *Id.* Johnson informed the Court that he had discussed the waiver of his right to seek post-conviction relief with his attorney and that no one had forced him, threatened him, or made him any offers to secure his waiver of that right. *Id.*

Based on Johnson's responses to the Court's questioning at the change of plea hearing, the Court finds that Johnson's waiver of post-conviction relief was both knowing and voluntary.  Johnson repeatedly indicated that he understood his right to seek post-conviction relief and that he had chosen to give up that right as part of the plea agreement.  Consequently, Johnson is barred, under the plain language of the plea agreement, from contesting his conviction, his sentence, or the manner in which his sentence was imposed in any post-conviction proceeding. This bar does

not, however, apply to ineffective assistance of counsel claims.[3] Therefore, Johnson's claims that (1) his sentencing guideline range was calculated based on an improper ratio of methamphetamine to actual methamphetamine; (2) the drug weight attributed to him at sentencing was incorrect because it included the weight of both the methamphetamine mixture and the actual methamphetamine; and (3) his arrests on January 6th and March 18th of 2021 were improperly used in calculating his sentencing guideline range are barred by his waiver of post-conviction relief. His remaining claims all involve allegations of ineffective assistance of counsel.

## II. Whether Johnson is entitled to relief on his ineffective assistance of counsel claims.

"[T]o prevail on an ineffective assistance of counsel claim, [Johnson] must satisfy *Strickland's* familiar two-part test." *See Thomas v. Davis*, 968 F.3d 352, 355 (5th Cir. 2020) (internal quotation mark omitted) (quoting *Haynes v. Cain*, 298 F.3d 375, 380 (5th Cir. 2002)).[4] He must show that (1) his attorney rendered deficient performance and (2) his attorney's deficient performance prejudiced the outcome of

---

[3] The Fifth Circuit has also recognized that a claim of "a sentence exceeding the statutory maximum" survives a waiver of post-conviction relief. *Barnes*, 953 F.3d at 388-89 (citing *United States v. Leal*, 933 F.3d 426, 431 (5th Cir. 2019)). Johnson's sentence of 96 months in the custody of the Bureau of Prisons, however, does not exceed the statutory maximum of 15 years (180 months) for the offense he pleaded guilty to—possession of a firearm by a convicted felon. *See* 18 U.S.C. § 924(a)(8). Therefore, that exception to a waiver of post-conviction relief is not applicable in this case.

[4] "[A]n ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003).

the proceeding. *See Clark v. Johnson*, 227 F.3d 273, 282 (5th Cir. 2000) (citing

*Strickland v. Washington*, 466 U.S. 668, 688, 104 S. Ct. 2052, 80 L. Ed. 2d 674

(1984)). Johnson's "claim fails if he cannot establish either the deficient

performance or prejudice prong; a court need not evaluate both if . . . he makes an

insufficient showing as to either." *See Blanton v. Quarterman*, 543 F.3d 230, 235-36

(5th Cir. 2008) (citing *Strickland*, 466 U.S. at 697).

"To establish deficient performance, [Johnson] must show that counsel's

representation 'fell below an objective standard of reasonableness.'" *See id.* at 235

(quoting *Strickland*, 466 U.S. at 688). "In reviewing counsel's performance,

however, courts must be 'highly deferential,' must eliminate the 'distorting effect of

hindsight,' and 'must indulge a strong presumption that counsel's conduct falls

within the wide range of reasonable professional assistance.'" *Mejia v. Davis*, 906

F.3d 307, 314 (5th Cir. 2018) (quoting *Strickland*, 466 U.S. at 689). Ultimately,

Johnson's attorney must have "made errors so serious that [she] was not

functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."

*See Strickland*, 466 U.S. at 687.

"Prejudice, in turn, means 'a reasonable probability that, but for counsel's

professional errors, the result of the proceeding would have been different. A

reasonable probability is a probability sufficient to undermine confidence in the

outcome.'" *Mejia*, 906 F.3d at 314 (quoting *Strickland*, 466 U.S. at 694). "It is not

enough, however, to show that errors had 'some conceivable effect' on the outcome;

rather, counsel's errors must be 'so serious as to deprive the defendant of a fair trial,

a trial whose result is reliable.'" *Id.* at 314-15 (quoting *Strickland*, 466 U.S. at 693). "Furthermore, a court assessing prejudice 'must consider the totality of the evidence before the judge or jury,' because 'a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support.'" *Id.* at 315 (quoting *Strickland*, 466 U.S. 696). In his Amendment [47] to his Motion, Johnson presents nine separate claims related to his attorney's performance. The Court will assess each of these allegations in turn and determine whether any of them rise to the level of ineffective assistance of counsel.

## A. Suggestion to Waive Detention Hearing

Johnson alleges that his attorney suggested that he waive his detention hearing because he would not "get a bond." [47], p. 4. In response, Johnson's attorney states that (1) she advised Johnson of his right to a detention hearing and (2) she gave him her opinion of his chances at getting bond, based on his lengthy criminal history; the allegations of drug distribution leading to an overdose death; and the legal presumption in favor of detention in drug distribution cases. [56], pp. 3-4. In the end, according to her, it was Johnson who made the choice to waive the detention hearing, and she did not pressure him either way. *Id.* at p. 4.

But Johnson's allegations, if true, do not amount to ineffective assistance of counsel. All Johnson has alleged is that his attorney gave him advice about waiving his right to a detention hearing and about the likelihood he would get a bond. He has not alleged that his attorney misinformed him or forced him to waive that right.

And, given Johnson's extensive criminal history and the nature of his offense,[5] the Court cannot say that his attorney's advice was unreasonable. *See Cullen v. Pinholster*, 563 U.S. 170, 189, 131 S. Ct. 1388, 179 L. Ed. 2d 557 (2011) ("[A] defendant must show that counsel failed to act 'reasonabl[y] considering all the circumstances.'" (second alteration in original) (quoting *Strickland*, 466 U.S. at 688)).

Further, Johnson does not dispute that he was the one who made the decision to waive his right to a detention hearing by signing the waiver. [13]. As such, Johnson has failed to rebut the strong presumption that his attorney "rendered adequate assistance[.]" *Loden v. McCarty*, 778 F.3d 484, 501 (5th Cir. 2015) (quoting *Cullen*, 563 U.S. at 189). Therefore, his ineffective assistance of counsel claim on this ground is denied.

## B. Request for an Initial Continuance

Johnson alleges that his attorney requested an initial continuance without his knowledge or consent, "which effectively waived [his] speedy trial right[.]" [47], p. 5. In response, Johnson's attorney states that she filed an unopposed motion for a continuance of Johnson's trial after she received discovery from the Government approximately ten days prior to the change of plea deadline. [56], p. 4. According to her, additional time was necessary to afford Johnson's case the attention it

---

[5] 18 U.S.C. § 3142(e)(1) provides for the detention of a defendant before trial after a court determines "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" § 3142(e)(1).

deserved. *Id.* She further states that time constraints prevented her from conferring with Johnson before making the motion, though she did provide him with notice on the day she made the motion. *Id.*

Again, Johnson has not shown that his attorney's actions "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. As the record reflects, Johnson's attorney filed a motion to continue his trial because she had recently received discovery material from the Government and needed additional time to "meet with Mr. Johnson, prepare a defense and investigate the charges." [25], p. 1. Such "scheduling issues are the province of counsel[,]" *Fayson v. Sec'y, Fla. Dep't of Corr.*, 568 F. App'x 771, 774 (11th Cir. 2014),[6] as "the defendant is bound by counsel's decision to seek a continuance, and his personal consent is not required." *United States v. Robinson*, 67 F.4th 742, 749-50 (5th Cir. 2023). Further, Johnson has not shown that it was unreasonable for his attorney to make this request in light of the newly provided discovery and the need to adequately prepare for the change of plea deadline and, possibly, for trial. Therefore, his claim that his attorney was ineffective for requesting a continuance without his consent is denied.

## C. Failure to Request a *Franks* Hearing

Johnson argues that his attorney was ineffective because she failed to request a *Franks* hearing. [47], p. 6. According to Johnson, he was entitled to a *Franks* hearing because the presentence investigation report (PSR) incorrectly

---

[6] *See also New York v. Hill*, 528 U.S. 110, 115, 120 S. Ct. 659, 145 L. Ed. 2d 560 (2000) ("Scheduling matters are plainly among those for which agreement by counsel generally controls.").

stated that he was arrested based on controlled purchases of controlled substances (plural) when he was actually arrested based on controlled purchases of heroin. *Id.* at pp. 6, 13. In response, Johnson's attorney states that she did not request a *Franks* hearing because the case did not present credible grounds for claiming intentional or reckless false claims or omissions on the part of the officers in this case. [56], p. 4.

The affidavit supporting a search warrant is presumed to be valid. *Franks v. Delaware*, 438 U.S. 154, 171, 98 S. Ct. 2674, 57 L. Ed. 2d 667 (1978). As a result, a defendant is only entitled to an evidentiary hearing (*Franks* hearing) on the validity of an affidavit by showing that (1) allegations in the affidavit are deliberately false or made with a reckless disregard for the truth and (2) once those intentional or reckless falsehoods are removed, there is not sufficient content to support a finding of probable cause. *Id.* at 171-72. In making this showing, the defendant "should point out specifically the portion of the warrant affidavit that is claimed to be false" and should provide "a statement of supporting reasons." *Id.* at 171.

The search warrant for Johnson's home was obtained during a Drug Enforcement Administration (DEA) investigation into an overdose death. [1], p. 2. After determining that Johnson likely supplied the drugs that caused the overdose, DEA agents used a confidential informant (CI) to conduct controlled purchases of heroin[7] from Johnson at his home. *Id.* Following one of these purchases, Johnson

---

[7] Subsequent field and laboratory tests revealed that the purchased drugs actually contained fentanyl. [41], pp. 7-8.

sold the CI a mm pistol. [41], p. 7. Agents then obtained a search warrant for Johnson's home. *Id.* at p. 8.

From Johnson's Motion [47], it is not clear what, if any, portions of the affidavit he is claiming are intentionally or recklessly false. All he claims is that a portion of the PSR is inaccurate regarding the reason for his arrest. Further, he has not claimed or shown that absent any intentional or reckless falsehoods, the search warrant for his home would have lacked probable cause. As such, a motion for a *Franks* hearing based on the allegations in Johnson's Motion would be meritless. And "[a]n attorney's failure to raise a meritless argument . . . cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue." *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999) (citing *Williams v. Collins*, 16 F.3d 626, 634-35 (5th Cir. 1994)). Therefore, Johnson's claim that his attorney was ineffective for failing to request a *Franks* hearing is denied.

**D. Failure to Argue for a Minor Role Reduction**

Johnson argues that his attorney was ineffective because she failed to argue for a minor role reduction at his sentencing. [47], p. 8. According to him, he stood to gain nothing from the drug deal between the CI and Zetrick Greer, and he was just an outside player. *Id.* at pp. 8, 13. His attorney, meanwhile, states that she did not file an objection to the PSR for the lack of a minor role reduction because (1) Johnson called Greer to bring the drugs to the CI at Johnson's home; (2) Johnson participated in weighing the drugs; (3) the CI passed the money to Johnson and

explained to Greer, "I just told him I would do the deal with him"; and (4) after Greer left, Johnson asked the CI whether she wanted the drugs wrapped in foil. [56], p. 5. With those facts, Johnson's attorney reasoned that an objection seeking a minor role reduction was unlikely to prevail. *Id.*

Section 3B1.2 of the Sentencing Guidelines "provides for a two-level decrease in the offense level if the defendant played a 'minor' role in the criminal activity, a four-level decrease if his role was 'minimal,' and a three-level reduction for conduct falling between the two." *United States v. Bello-Sanchez*, 872 F.3d 260, 263 (5th Cir. 2017) (quoting U.S.S.G. § 3B1.2(a), (b)). "A minimal participant is one who is 'plainly among the least culpable of those involved in the conduct of a group' and who demonstrates a 'lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others.'" *Id.* (quoting § 3B1.2, cmt. n.4). "A minor participant is one 'who is less culpable than most other participants in the criminal activity, but whose role could not be described as minimal.'" *Id.* (quoting § 3B1.2, cmt. n.5). Thus, the application of the minor role reduction hinges on the culpability of the defendant in comparison to the culpability of his "co-participants in the case at hand." *Id.* at 264 (quoting *United States v. Torres-Hernandez*, 843 F.3d 203, 208 (5th Cir. 2016)).

When comparing the defendant's culpability to that of his co-participants, courts are to consider a non-exhaustive list of factors:

> (i) The degree to which the defendant understood the scope and structure of the criminal activity;

(ii) the degree to which the defendant participated in planning or organizing the criminal activity;

(iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;

(iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts; and

(v) the degree to which the defendant stood to benefit from the criminal activity.

*Id.* (quoting § 3B1.2, cmt. n.3(c)). By Johnson's own admission in his Motion, he understood the entire scope and heavily participated in the planning of the drug deal between the CI and Greer as he was the one who "called Greer" and had Greer come to his home to take part in the transaction. [47], p. 8. Johnson also participated in the exchanging and weighing of the drugs and in the exchanging of the money. Johnson was not, as he claims, merely an outside player in the drug deal. Rather, he set up and hosted the entire transaction.

Even if Johnson "stood to gain nothing from this transaction[,]" as he alleges, that is only one of many factors a court is to consider before granting a minor role reduction. *Id.* at p. 13. And Johnson has not shown that that one factor should outweigh the many factors that weigh against granting the reduction.

"In this case, the record does not reflect the minor role that [Johnson] contends." *See McDaniel v. United States*, No. 4:05-cr-130-M, 2009 WL 1106817, at *3 (N.D. Miss. Apr. 23, 2009). "Therefore, [Johnson] is not able to establish a reasonable probability that if counsel had argued for a minor role reduction, his

14

sentence would have been different." *See id.* (citing *United States v. Seyfert*, 67 F.3d 544, 548-49 (5th Cir. 1995)). Accordingly, his claim that his attorney was ineffective for failing to argue for a minor role reduction is denied.

**E. Failure to Contest the Amendment of the Indictment**

Johnson argues that his attorney was ineffective because she failed to contest "the probation officer effectively amending the indictment by charging possession in connection with another felony offense." [47], p. 14. He states that he showed off the gun to the CI and then put it back in his car prior to the drug deal. *Id.* He did not, he argues, use the gun in furtherance of the drug deal. *Id.* In response, his attorney states that she did not object to the sentencing enhancement for possession of a firearm in connection with another felony because there was no support in the CI's video. [56], p. 5. According to her, the video showed Johnson handling a white gun minutes before he called Greer to bring drugs to his home. *Id.* While Johnson claims that he placed the gun in his car prior to the drug deal, she contends the video does not reflect that. *Id.*

"Section 2K2.1(b)(6) of the Sentencing Guidelines provides for a four-level enhancement to a sentence for a conviction under § 922(g)(1) where 'the defendant used or possessed any firearm . . . in connection with another felony offense[8].'"

---

[8] Despite Johnson's arguments to the contrary, the Government was not required to indict him for the other felony offense for the enhancement to apply. "A 'felony offense' is 'any federal, state, or local offense . . . punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained.'" *United States v. Lopez*, 70 F.4th 325, 328 (5th Cir. 2023) (§ 2K2.1, cmt. n.14(C)).

*United States v. Jeffries*, 587 F.3d 690, 692 (5th Cir. 2009) (alteration in original).

"Application of the enhancement depends on the type of felony offense alleged."

*United States v. Ledesma*, 750 F. App'x 344, 347 (5th Cir. 2018). If the other felony

offense is drug trafficking, the enhancement automatically applies if the firearm "is

found in close proximity to drugs or drug paraphernalia." *United States v. Choulat*,

75 F.4th 489, 492 (5th Cir. 2023) (citing *Jeffries*, 587 F.3d at 692). For all other

felonies except burglary, "the enhancement only applies 'if the firearm . . .

facilitated, or had the potential of facilitating,' that offense[.]" *Jeffries*, 587 F.3d at

692-93 (first alteration in original) (quoting § 2K2.1, cmt. n.14(A)).

According to the PSR, Johnson used or possessed a firearm in connection

with the felony offense of possession with intent to distribute controlled substances.

"Mere possession of a controlled substance with an intent to distribute qualifies as a

'drug trafficking offense.'" *Choulat*, 75 F.4th at 492 (quoting U.S.S.G. § 2L1.2, cmt.

n.2). Thus, the enhancement automatically applied to Johnson if his firearm was in

close proximity to drugs or drug paraphernalia.

As the CI's video reveals, and Johnson admits, Johnson handled and showed

off a gun to the CI in his bedroom moments prior to him calling Greer and asking

Greer to bring over the drugs. The video does not reflect, as Johnson contends, that

he went and placed the gun in his car prior to Greer arriving. Johnson then engaged

in the drug deal with the CI and Greer in his home, where he handled the drugs

and used a scale to weigh them. Hours later, the CI called Johnson and asked about

purchasing the gun that Johnson had showed him prior to the drug deal. Johnson

agreed, and the CI returned to Johnson's home and purchased the gun.

Given this evidence, it was reasonable for Johnson's attorney to determine

that an objection to the § 2K2.1(b)(6) enhancement was unlikely to succeed.

Further, as his attorney points out, making that objection could have prevented

Johnson from receiving the reduction for acceptance of responsibility. *See* U.S.S.G. §

3E1.1(a), (b).[9] Accordingly, Johnson has not shown that his attorney was ineffective

for failing to object to the enhancement for use or possession of a firearm in

connection with another felony. *See Pinholster*, 563 U.S. at 189 (quoting *Strickland*,

466 U.S. at 688). Therefore, his ineffective assistance of counsel claim on this

ground is denied.

**F. Failure to Contest the Video**

Johnson argues that his attorney was ineffective because she failed to argue

that the CI's video was spliced. [47], pp. 15-16. He states that the video did not show

the CI and him smoking methamphetamine and marijuana; that the time stamp on

the video did not match the time on his cable box; and that the CI stopped and

started recording at various times. *Id.* In response, his attorney states that

although the video did not capture all of the interactions between Johnson and the

CI, there was no evidence that the video had been tampered with. [56], p. 6.

---

[9] *See also United States v. Shipley*, 963 F.2d 56, 59 (5th Cir. 1992) ("[B]efore a
defendant is entitled to reduction for acceptance of responsibility, he must first
accept responsibility for all of his relevant criminal conduct." (alteration in original)
(internal quotation marks omitted) (quoting *United States v. Mourning*, 914 F.2d
699, 705 (5th Cir. 1990), *superseded on other grounds by statute*)).

Moreover, she states, none of the footage Johnson claims is missing would have benefitted him. *Id.*

Though Johnson presents allegations that the CI's video leaves certain events out, he does not contest the accuracy of the events shown in the video. The video shows Johnson handling and showing off a gun and then engaging in the drug deal with the CI and Greer. Johnson does not argue that those events never occurred or that they are misrepresented in the video. Moreover, the only event Johnson alleges is missing from the video is a time when he and the CI smoked meth and marijuana. But it is unclear how presenting that event to the Court would have benefitted Johnson.

Johnson has not shown that his attorney's failure to contest the accuracy or completeness of the video was unreasonable. *See Pinholster*, 563 U.S. at 189 (quoting *Strickland*, 466 U.S. at 688). Therefore, his ineffective assistance of counsel claim on this ground is denied.

## G. Failure to Provide Johnson with Discovery Materials

Johnson argues that his attorney was ineffective because she failed to provide him with copies of the discovery material. [47], p. 16. Additionally, he alleges that he was not able to review all of the discovery material. *Id.* In response, his attorney states that the standard discovery order for the Southern District of Mississippi forbid her from copying the discovery material or giving it to Johnson. [56], p. 6. She does state, however, that she reviewed all of the discovery material she had with Johnson. *Id.*

Pursuant to the Order Regarding Discovery in Johnson's case, "[a]ll written or oral information provided by the parties to each other, both the United States Attorney and defendant, as required by Paragraphs 1 and 2 above, are to be *held and used by the attorneys* solely for purposes of preparation for and conducting the litigation herein, pre-trial hearings and trials[.]" [21], pp. 3-4 (emphasis added). "[S]uch information is not to be *given or shown to any person*, nor *copied or reproduced in any manner*, except for the sole purposes of preparing for and conducting direct examination and cross-examination of witnesses at either pre-trial hearings or trials." *Id.* at p. 4 (emphasis added). Thus, Johnson's attorney's failure to provide him with copies of the discovery materials was reasonable in light of the Magistrate's Order and was not deficient performance. In addition, Johnson has not alleged or shown how his attorney's failure to provide him with copies of the discovery materials prejudiced the outcome of his conviction or sentence. Therefore, his ineffective assistance of counsel claim on this ground is denied.

Meanwhile, Johnson's allegation that he was unable to review all of the discovery material is inconsistent with his testimony at the change of plea hearing. When asked by the Court whether his attorney had "gone over with [him] the Government's evidence . . . the materials that the Government would have brought to trial . . . if the case had gone to trial," Johnson responded, "she has." [34]. He then agreed that he was "satisfied with the counsel, the representation, and the advice" given by his attorney. *Id.* These "[s]olemn declarations in open court carry a strong presumption of verity, forming a formidable barrier in any subsequent collateral

19

proceedings." *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)

(internal quotation marks omitted) (quoting *Blackledge v. Allison*, 431 U.S. 63, 73-

74, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1977)). "The subsequent presentation of

conclusory allegations unsupported by specifics is subject to summary dismissal, as

are contentions that in the face of the record are wholly incredible." *Blackledge*, 431

U.S. at 74 (citing *Machibroda v. United States*, 368 U.S. 487, 495-96, 82 S. Ct. 510,

7 L. Ed. 2d 473 (1962)).

Johnson's conclusory statement that he was unable to see all the discovery

material is unsupported by any specifics, such as what materials he was unable to

see or how the additional materials would have affected his decision to plead guilty.

His statement is also inconsistent with his responses to the Court's questioning and

his attorney's response to his Motion. As such, he has not shown that his attorney

rendered deficient performance. Therefore, his ineffective assistance of counsel

claim on this ground is also denied.

## H. Failure to Request the Return of Johnson's Property

Johnson argues that his attorney's failure to request the return of property

seized from his home constituted ineffective assistance of counsel.[10] In response, his

---

[10] Johnson filed a Letter Motion [44] on November 28, 2023, requesting the Court's
assistance in getting back the property he alleges was seized by the Government
from his home. On December 1, 2023, the Court directed the Clerk to sever the
Motion from Johnson's criminal case into a new civil case because "a motion filed
under Rule 41(g) in a closed criminal case constitutes a new civil proceeding against
the United States within a federal court's general equity jurisdiction under 28
U.S.C. § 1331." [45], pp. 2-4 (quoting *United States v. Mewase*, No. 1:14-cr-33-HSO-
BWR-16, 2023 WL 7414427, at *2 (S.D. Miss. Nov. 9, 2023)). The Court then denied
Johnson's Letter Motion as moot. *Id.*

attorney states that she cannot remember whether she requested that the Government return Johnson's property.

"This particular ineffective assistance claim is not cognizable in a Section 2255 proceeding" because it does not relate to unlawful custody. *Price v. United States*, No. 4:16-cr-67, 2022 WL 815027, at *8 (E.D. Tex. Feb. 28, 2022).[11] Additionally, this claim fails because the failure of Johnson's attorney to request the return of his property, even if it constituted deficient performance, did not prejudice the outcome of Johnson's conviction or sentence. *See Johnson v. Scott*, 68 F.3d 106, 109 (5th Cir. 1995) ("Because the defendant must prove both deficiency and prejudice, a defendant's failure to prove either will be fatal to his claim."). The forfeiture of his property "was not part of his sentence." *Smith v. United States*, No. 1:18-cr-8-HSO-JCG-1, 2020 WL 1932772, at *6 (S.D. Miss. Apr. 21, 2020). Therefore, Johnson's ineffective assistance of counsel claim on this ground is denied.

## I. Failure to Object to Criminal History Point

Johnson's final claim is that his attorney was ineffective because she failed to object to him receiving one criminal history point for misdemeanor marijuana possession. [47], p. 18. In response, his attorney states that even if she had made that objection and it was sustained, it would not have changed Johnson's criminal

---

[11] *See also Urista v. United States*, No. 7:10-cr-009-O, 2015 WL 4588352, at *8 (N.D. Tex. July 30, 2015) ("Claims of ineffective assistance of counsel based upon restitution and forfeiture are not cognizable in a § 2255 action because they do not relate to unlawful custody." (internal quotation marks omitted) (quoting *United States v. Hames*, No. 3:01-cr-323-P(1), 2010 WL 1741328, at *4 (N.D. Tex. Apr. 29, 2010))).

history category, his guideline range, or his sentence. [56], p. 7. Moreover, she states that the May 2023 amendment to the sentencing guidelines providing for downward departure from the defendant's criminal history category in cases where the defendant received points for possession of marijuana for personal use did not go into effect until after Johnson was sentenced. *Id.*; *see also* United States Sentencing Commission, Amendment 821, https://www.ussc.gov/guidelines/amendment/821 (Nov. 1, 2023).

"In the case of ineffective assistance at sentencing, prejudice is established if the [defendant] demonstrates that his sentence was increased by the deficient performance of his attorney." *Potts v. United States*, 566 F. Supp. 2d 525, 534 (N.D. Tex. 2008) (citing *Glover v. United States*, 531 U.S. 198, 200, 203-04, 121 S. Ct. 696, 148 L. Ed. 2d 604 (2001)). According to the PSR, Johnson received a criminal history score of 15, which placed him in the criminal history category of VI. [41], p. 17. To receive a criminal history category of VI, a defendant must have 13 or more criminal history points. U.S.S.G. Ch. 5, Pt. A. Johnson's total offense level of 23 and his criminal history category of VI produced a guideline imprisonment range of 92 to 115 months. *Id.* As such, even if Johnson's attorney successfully contested the one point he received for misdemeanor marijuana possession, Johnson still would have received the same criminal history category (VI) and the same guideline range (92 to 115 months). Additionally, Johnson's sentence of 96 months is already at the lower end of his guideline range. Accordingly, Johnson has not demonstrated a reasonable probability that his attorney's failure to contest the one criminal history

point he received for misdemeanor marijuana possession resulted in an increased sentence. Therefore, his ineffective assistance of counsel claim on this ground is denied.

## CONCLUSION

**IT IS THEREFORE ORDERED AND ADJUDGED** that Carlos Eugene Johnson's Motion [46] to Vacate his sentence pursuant to 28 U.S.C. § 2255 is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 15th day of July, 2024.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE